# Atticks et al., Appellants, *v.* Riverton Consolidated Water Company.

*Water company—Increase of rates—Contract—Equity—Findings of fact—Dismissal of bill—Municipality—Equity.*

A bill in equity to restrain a water company from instituting a new scale of rates on the ground that the defendant is exacting unreasonable, extortionate and discriminating charges for the supply of water and that in raising the rates it was violating a contract made by the borough with the party under whom it claims, is properly dismissed where there is no testimony whatever in support of the allegations of extortion and discrimination and the court finds that the evidence is insufficient to justify the conclusion that there had been a violation of the contract set up.

Argued April 26, 1911. Appeal, No. 319, Jan. T., 1910, by plaintiffs, from decree of C. P. Cumberland Co., March Term, 1910, No. 5, dismissing bill in case of George W. Atticks, George W. Bair et al. v. Riverton Consolidated

Water Company. Before FELL, C. J., BROWN, MESTRE-ZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill to restrain defendants from increasing its water rates to the inhabitants of the borough of New Cumberland. Before SADLER, P. J.

It appears by the record that the defendant is a corporation formed in 1904 by the merger of six companies, including the Mountain Water Company, supplying water to the inhabitants of the borough of New Cumberland under an ordinance passed in 1896, and duly accepted granting the right to H. M. Horner to introduce water into the borough, which right was subsequently assigned to the Mountain Water Company, whose successor the defendant is.

Section 4 of this ordinance is as follows: "The said H. M. Horner shall not charge the inhabitants of the said borough for the use of water to be furnished any higher rates than charged in Marysville, Pa., as per rate sheet filed at the present time; and provided, That discrimination shall not be made in rates charged citizens for the use of said water; and Provided further, that said rates shall not be raised after the same have once been adopted."

At the hearing defendant requested among others a finding of fact which, with the court's answer, was as follows: That there has been no increase in the rates as adopted by H. M. Horner under the ordinance of January 20, 1896. *Answer:* Under the testimony we cannot find that the rates have been increased beyond those of the Marysville rate sheet, referred to in the ordinance of January 22, 1896. [21]

*Errors assigned* were in findings of fact and answers to requests, including [21] the answer quoted above.

*A. G. Miller* and *J. W. Wetzel,* of *Wetzel and Hambleton,* for appellants.

*S. B. Sadler,* for appellees.

PER CURIAM, July 6, 1911:

The bill was properly dismissed on the findings of fact. It was alleged that the defendant was exacting unreasonable, extortionate and discriminatory charges for the supply of water to the inhabitants of New Cumberland and that in raising the rates it was violating a contract made by the borough with the person to whom the right to furnish water was originally given and under which the defendant claims. There was no testimony whatever in support of the allegations of extortion and discrimination, and the court found that the evidence was insufficient to justify the conclusion that there had been a violation of the contract set up. This finding we approve.

The decree is affirmed at the cost of the appellant.